UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| OSCAR DANILO MONTEALTO GARCIA,<br><br>                         Petitioner,<br><br>        v.<br><br>TODD LYONS, et al.,<br><br>                     Respondents. | Case No. 5:26-cv-01416-SSC<br><br>MEMORANDUM AND ORDER GRANTING UNOPPOSED HABEAS PETITION |

On March 24, 2026, Oscar Danilo Montealto Garcia filed a petition for writ of habeas corpus by person in federal custody pursuant to 28 U.S.C. § 2241.  (ECF 1.)  Petitioner is a noncitizen[1] currently detained by Immigration and Customs Enforcement (ICE) at the Adelanto ICE Processing Center in Adelanto, California.  (*Id.* at 1, 3.)

---

[1] Under the Immigration and Nationality Act (INA), the term "alien" means "any person not a citizen or national of the United States."  8 U.S.C. § 1101(a)(3).  Following the lead of the U.S. Supreme Court and the Ninth Circuit, the Court uses the term "noncitizen" in place of "alien."  *See Patel v. Garland*, 596 U.S. 328 (2022) (Barrett, J.); *United States v. Palomar-Santiago*, 593 U.S. 321 (2021) (Sotomayor, J.); *Barton v. Barr*, 590 U.S. 222, 226 n.2 (2020) (Kavanaugh, J.) ("This opinion uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" (citing 8 U.S.C. § 1101(a)(3))); *Avilez v. Garland*, 69 F.4th 525 (9th Cir. 2023); *Arce v. United States*, 899 F.3d 796 (9th Cir. 2018).

The petition alleges the following facts.[2]  Petitioner has been detained by ICE since September 22, 2025, and his detention now exceeds six months.  (*Id.* at 3.)  Petitioner has a reinstated removal order and is in withholding-only proceedings seeking statutory withholding of removal and/or protection under the Convention Against Torture.  (*Id.*)  While those proceedings remain pending, Petitioner remains confined without an individualized determination that continued detention is necessary.  (*Id.*)  Petitioner has not been provided a constitutionally adequate bond hearing where the Government must justify continued detention before a neutral decisionmaker, and where conditions of release are considered as alternatives to continued confinement.  (*Id.* at 3–4.)  Petitioner's detention is likely to continue while withholding-only proceedings and any related administrative review proceed, without any meaningful custody determination assessing flight risk, danger, and less restrictive alternatives.  (*Id.* at 4.)

Petitioner claims his continued detention is unlawful under the Fifth Amendment's Due Process Clause because it has become prolonged and he has not received a constitutionally adequate bond hearing.[3]  (*Id.* at 8 (citing *Jennings v. Rodriguez*, 583 U.S. 281, 309–10

---

[2] Because Respondents have provided no information about Petitioner, all facts contained herein are taken directly from the petition unless otherwise noted.

[3] Petitioner does not appear to argue that there is no significant likelihood of his removal in the reasonably foreseeable future, but merely that his detention is prolonged due to the administrative proceedings.

(2018); *Singh v. Holder*, 638 F.3d 1196, 1203–06 (9th Cir. 2011)).)[4]  The petition requests that the Court: (1) order Respondents to provide Petitioner an immediate bond hearing before a neutral decisionmaker at which the government bears the burden to prove, by clear and convincing evidence, that Petitioner's continued detention is justified and that no less restrictive conditions will reasonably assure the Government's interests; (2) order Petitioner's immediate release unless such a hearing is provided promptly, and order release if the Government fails to carry its burden at that hearing; and (3) declare that Petitioner's prolonged detention without a constitutionally adequate individualized custody hearing violates the Fifth Amendment Due Process Clause.  (*Id.* at 9–10.)

Petitioner did not file a motion for a temporary restraining order or other emergency relief with the petition, and on April 3, 2026, the Court set an expedited briefing schedule.  (ECF 5.)

In their one-paragraph answer, Respondents stated they "are not presenting an opposition argument to the request for a bond hearing." (ECF 7 at 2.)  Petitioner filed a reply.  (ECF 8.)

The Court held a status conference on May 12, 2026, after which the parties consented to proceed before this Court.  (ECF 11; ECF 13.) On May 13, 2026, the parties filed a joint status report and supplemental brief responding to inquiries from the Court, including the authority for a bond hearing and the status of Petitioner's

---

[4] Petitioner also cites what appears to be a nonexistent case: *Sanchez-Perez v. Garland*, 2023 WL 5663021, at *3 (C.D. Cal. Aug. 29, 2023).  (ECF 1 at 8.)

3

withholding of removal proceedings.  (ECF 12.)  With an unopposed petition, the Court rules in conformance therewith. [5]

## ORDER

**IT IS ORDERED** that Judgment shall be entered (1) granting the petition; and (2) enjoining Respondents from continuing to detain Petitioner unless no later than **May 20, 2026**, he is provided with an individualized bond hearing at which the government must bear the

---

[5] The Supreme Court has made clear that 8 U.S.C. § 1231 applies to noncitizens, like Petitioner, "who were removed from the United States but later reentered without authorization, were subject to reinstated orders of removal, and then sought withholding of removal based on fear of persecution in the particular countries designated by their removal orders." *Johnson v. Guzman Chavez*, 594 U.S. 523, 526 (2021).  The high court has also made clear that such individuals do not have a statutory right to a bond hearing.  *See id.*; *see also Johnson v. Arteaga-Martinez*, 596 U.S. 573, 582 (2022).  On the facts before it, this Court is skeptical of Petitioner's argument that the Due Process Clause requires such.  Indeed, Respondents' acknowledged at the hearing under questioning from the Court, and noted in the parties' May 13, 2026 joint status report, that although they "stated in their response that they were not presenting opposition argument to the request for a bond hearing, . . . Petitioner is subject to mandatory detention, and Respondents are not aware of any authority entitling Petitioner to a bond hearing."  (ECF 12 at 2.)  "In our adversarial system of adjudication, we follow the principle of party presentation" meaning that "in both civil and criminal cases, in the first instance and on appeal . . . we rely on the parties to frame the issues for decision and assign to courts the role of neutral arbiter of matters the parties present." *United States v. Sineneng-Smith*, 590 U.S. 371, 375 (2020) (citation modified).  Further, "as a general rule, our system is designed around the premise that [parties represented by competent counsel] know what is best for them, and are responsible for advancing the facts and argument entitling them to relief." *Id.* at 375–76 (citation modified).  Thus, the Court grants the agreed-upon relief.

burden of showing by clear and convincing evidence that Petitioner poses a flight risk or danger to the public.

DATED: May 14, 2026

_____

HONORABLE STEPHANIE S. CHRISTENSEN
UNITED STATES MAGISTRATE JUDGE

5